1 | **ROBERT A. BALL, APC**
Robert A. Ball, Esq.
2 | Stephen P. Croce, Esq.
The NBC Tower
3 | 225 Broadway, Suite 2220
San Diego, California 92101
4 | Telephone:   619 234 3913
Attorneys for Defendants, RS SCHMITT, RS SCHMITT
5 | COMPANIES, INC., and IR PR COMPANY REPORT, LLC

6

7 | ### UNITED STATES DISTRICT COURT
### IN AND FOR THE DISTRICT OF CALIFORNIA
8 | ### CENTRAL / WESTERN (ROYBAL)

9 | RUSSELL V. LUGLI, TRUSTEE                CASE NO. $C \vee 10 - 2350$  ODW
OF FEATURED HOMES PROFIT                                    $(CWx)$
10 | SHARING PLAN, A TRUST, and,
RUSSELL V. LUGLI, individually,

11 |
                              Plaintiff,        DEFENDANTS R S SCHMITT'S,
12 |                                            SCHMITT COMPANIES, INC.'S AND
                        vs.                    IR PR COMPANY REPORT, LLC'S
13 |                                            NOTICE OF REMOVAL OF ACTION
                                              PURSUANT TO 28 USC § 1441(b)
14 | LEE A. DAHLBERG, ROCKBANDS,
LLC., ROCKBANDS, INC., a Delaware
15 | corporation, RS SCHMITT, RS SCHMITT          **[Diversity and Federal Question]**
COMPANIES, INC., HARRY FEINGOLD,
16 | IR PR COMPANY REPORT, an unknown
entity form, DOE ATTORNEYS I - V,
17 | inclusive, and JOHN DOE DEFENDANTS
A - G,
18 |
                              Defendants.
19 |

20

21

22

23

24

25

26

27

28 | ///



Lugli v Dahlberg                                        NOTICE OF REMOVAL

1  **TO THE CLERK OF THIS HONORABLE COURT:**

2      COMES NOW Defendants herein, RS SCHMITT, RS SCHMITT COMPANIES, INC.,

3  and IR PR COMPANY REPORTS, LLC who hereby respectfully file this Notice of Removal of

4  the Complaint filed in the Superior Court of California, short titled *Lugli vs. Dahlberg, et al.*, Case

5  Number 1319472, as filed in the Superior Court of California, County of Santa Barbara.

6                  **NOTICE OF REMOVAL**

7      1.      On or about February 23, 2010, an action was commenced in the Superior Court of

8  California, in and for the County of Santa Barbara, entitled *Russell V. Lugli, Trustee of Feature*

9  *Homes Profit Sharing Plan, a Trust, and Russell V. Lugli, an individual vs. Lee A Dahlberg,*

10  *Rockbands, LLC, Rockbands, Inc., a Delaware corporation, RS Schmitt, RS Schmitt Companies,*

11  *Inc., Harry Feingold, IR PR Company Report, an unknown entity form, Doe Attorneys I-V, inclusive,*

12  *and John Does Defendants A-G* as Case No. 1319472. A true and correct copy of the Complaint is

13  attached hereto as **Exhibit 1**.

14      2.      The first known date upon which these Defendants (RS Schmitt Company/IR PR)

15  received a copy of the said Complaint was on or about March 5, 2010 when defendants RS Schmitt

16  Companies, Inc. and IR PR Company Report, LLC were served with a copy of the said Complaint

17  and a Summons from the said state court. A true and correct copy of the Summons is attached hereto

18  as **Exhibit 2**. Defendants are further informed and believe, and thereon allege that one or more co-

19  defendants may have been served as early as March 1, 2010.

20              **Federal Question - 28 USC § 1331**

21      3.      This action is a civil action of which this Honorable Court has original jurisdiction

22  under 28 U.S.C. § 1331 (ERISA 1974 claims, SEC 1934 claims), and is one which may be removed

23  to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action

24  involving federal questions.

25                  **Diversity - 28 USC § 1332**

26      4.      This action is a civil action of which this Honorable Court has original jurisdiction

27  under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to

28  the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and

Lugli v Dahlberg                    - 2 -                    NOTICE OF REMOVAL

1     the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2         5.       At the time of the filing of the Complaint, Defendant RS Schmitt Companies, Inc., was
3 and is a Florida corporation with its principal place of business in Florida. At the time of the filing
4 of the Complaint, Defendant IR PR Company Report, LLC, was and is an Isle of Jersey (U.K.)
5 Limited Liability Company whose principal place of business is the Baliwick of Jersey, Channel
6 Islands, the United Kingdom represented at the time by RS Schmitt as attorney in fact. At the time
7 of the filing of the Complaint, Defendant RS Schmitt was and is an individual and a citizen of and
8 domiciled in Florida.

9         6.       Defendants are informed and believe that, at the time of the filing of the Complaint,
10 co-defendant Lee Dahlberg was and is an individual and a citizen of and domiciled in Florida.

11         7.       Defendants are informed and believe that, at the time of the filing of the Complaint,
12 co-defendant Rockbands, LLC was and is a Florida Limited Liability Company, whose individual
13 membership consists of Lee Dahlberg, above, Kit Koenig, a citizen of and domiciled in Florida, and
14 Robert Weidenbaum, a citizen of and domiciled in Florida.

15         8.       Defendants are informed and believe that, at the time of the filing of the Complaint,
16 co-defendant Rockbands, Inc., was a Delaware corporation purchased (February 2010) by American
17 Community Development Group, Inc., a Delaware corporation, having its principal place of business
18 in Florida.

19         9.       Defendants are informed and believe that, at the time of the filing of the Complaint,
20 co-defendant Harry Feingold was and is an individual and a citizen of and domiciled in New York.

21         10.      Defendants are informed and believe that, at the time of the filing of the Complaint,
22 Plaintiff Russell V. Lugli, Trustee of Feature Homes Profit Sharing Plan, a Trust, was and is a Trust
23 whose situs/citizenship is California.

24         11.      Defendants are informed and believe that, at the time of the filing of the Complaint,
25 Plaintiff Russell V. Lugli was and is an individual and a citizen of and domiciled in California.

26         12.      Plaintiffs have brought suit against Defendants for alleged illegal sales of securities,
27 financial elder abuse, fraud, ERISA violations, investment advisor's act (SEC) violations and for
28 breach of contract, for a sum or sums in excess $ 300,000.00.

1    13.    Removal jurisdiction is proper in this case under Federal Question Jurisdiction as the

2  Complaint contains at least two claims which are expressly founded upon alleged violations of ERISA

3  1974 or founded upon violation of the Securities Act (SEC) of 1934.

4    14.    Removal jurisdiction is proper in this case under Diversity Jurisdiction as the true

5  parties in interest are diverse (California for Plaintiff and New York, Delaware or Florida for

6  Defendants) and the claims asserted by Plaintiff exceed the sum $ 300,000.00.

7                                *Respectfully submitted,*

8  DATED:  March 29, 2010                **ROBERT A. BALL, APC**

9

10                                    By:

11                                         Robert A. Ball, Esq.,
                                           Attorneys for Defendants,
12                                         RS SCHMITT, an individual,
                                           RS SCHMITT COMPANIES, INC.,
13                                         and IR PR COMPANY REPORT, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, the undersigned, do declare that I am employed in the county aforesaid; that I am over the
     age of eighteen [18] years and not a party to the within entitled action; and that I am executing this
2    proof at the direction of a member of the bar of the above entitled Court. The business address is:

3                                GILLASPEY & GILLASPEY
                              The NBC Tower, 225 Broadway, Suite 2220
4                                  San Diego, California 92101

5         ■    MAIL. I am readily familiar with the business' practice for collection and processing
     of correspondence for mailing via the United States Postal Service and that the correspondence would
6    be deposited with the United States Postal Service for collections that same day.

7         ☐    FACSIMILE. I am readily familiar with the business' practice for collection and
     processing of correspondence for electronic transmission and that the correspondence was
8    successfully transmitted by facsimile that same day in the ordinary course of business.

9         ☐    OVERNIGHT. I am readily familiar with the business' practice for collection and
     processing of correspondence for overnight delivery/receipt next day via a major carrier such as UPS,
10   FED EX, DHL or similar carrier, and same were deposited that same day.

11        ☐    ELECTRONIC. I am readily familiar with the business' practice for collection and
     processing of documents via its electronic (e-mail) system and said documents were successfully
12   transmitted via e-mail that same day.

13        ☐    PERSONAL. The below described documents were personally served that day.

14   On the date indicated below, I served the within:

15                     NOTICE OF REMOVAL (FEDERAL COURT)
                           JOINDER BY HARRY FEINGOLD
16                              REQUEST FOR JURY

17   The above documents were served as set forth above and addressed as follows:

18                                C. Blaine Morley, Esq.
                                  MORLEY LAW OFFICE
19                                3105 SW Cascade Drive
                                  Portland, Oregon 97205
20                                Attorney for Plaintiffs

21        I declare under penalty of perjury, under the laws of the United States, that the foregoing is

22   true and correct and was **EXECUTED** on March 29, 2010 at San Diego, California.

23

24

25

26

27

28

Lugli v Dahlberg                          - 5 -                          NOTICE OF REMOVAL

# EXHIBIT 1

1    C. Blaine Morley, CSBA #37614
      3105 SW Cascade Drive
2    Portland, OR 97205-5813
      Telephone: 503-228-7300
3    Facsimile: 503-228-7310
      E-mail: cbmorley@morleylaw.net
4

      Attorney for Plaintiff
5

6

7

FILED
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

FEB 2 3 2010

GARY M. BLAIR, Executive Officer
BY___ A  Wnd
A. WORDLEY, Deputy Clerk

8

9    SUPERIOR COURT OF CALIFORNIA
     IN AND FOR THE COUNTY OF SANTA BARBARA
     COOK DIVISION

10

11    Russell V. Lugli, Trustee of Feature Homes
      Profit Sharing Plan, a trust, and Russell V.
12    Lugli, individually.

                    Plaintiffs,
13

14    vs.

15    Lee  A.  Dahlberg,  Rockbands,  LLC,
      Rockbands, Inc., a Delaware corporation,
16    RS Schmitt, RS Schmitt Companies, Inc.,
      Harry Feingold, IR PR Company Report, an
17    unknown entity form, Doe Attorneys I-V,
      inclusive, and John Doe Defendants A-G,
18

19                    Defendants.

**Case No. ~~1269805~~ 1319472**

**COMPLAINT FOR ILLEGAL SALE OF
SECURITIES, FINANCIAL ELDER
ABUSE, FRAUD, ERISA VIOLATIONS,
INVESTMENT ADVISER'S ACT, and
BREACH OF CONTRACT**

20

21    FOR CAUSE OF ACTION, plaintiff alleges:

22                    **GENERAL ALLEGATIONS**

23    **A. THE PARTIES AND INSTRUMENTS:**

24       1.1    Defendant Lee A. Dahlberg is a resident of Florida, the Manager and

25    "CONTROLLING PERSON," as herein defined, of Rockbands, LLC, a limited liability

26    company ("DAHLBERG"). A true copy of the published resumé of DAHLBERG is attached

27    hereto as Exhibit A. "CONTROLLING PERSON," as used in this complaint, means a

28
    Complaint for Illegal Sale of Securities, Financial Elder Abuse, Fraud
    ERISA Violations, Investment Adviser's Act and Breach of Contract

1    consultant and personal friend and has reposed trust and confidence in FEINGOLD in that
2    entire period of time. FEINGOLD has personal knowledge of the physical condition of
3    LUGLI and about most of the assets that LUGLI controls in various entities, including
4    FHPP, plaintiff herein.

5       1.6. DOE ATTORNEYS I-V are named as doe defendants herein because plaintiff
6    does not know their true names or identities as of the date of filing of this complaint but is
7    informed and believes and thereupon alleges that they acted on the instruction of
8    DAHLBERG, ROCKBANDS and RS to prepare the NOTE and the "Buy Out Agreement"
9    hereinafter alleged and did so with the intent that Plaintiff would rely on those instruments
10   for the purposes of the loan/investment hereinafter alleged. Plaintiff will seek leave of court
11   to join the DOE ATTORNEYS I-V, or any of them, when their true names and capacities
12   are determined.

13      1.7. JOHN DOE Defendants, A-G, are named as doe defendants herein because
14   plaintiff does not know their true names or identities as of the date of filing of this complaint
15   but is informed and believes and thereupon alleges that they, or any of them, acted on the
16   instruction of DAHLBERG, ROCKBANDS and RS to induce the loan/investment hereinafter
17   alleged and participated in the scheme to induce plaintiff to make the loan/investment to
18   ROCKBANDS. Plaintiff will seek leave of court to join the JOHN DOE A-G, or any of them,
19   when their true names and capacities are determined.

20      1.8. Plaintiff is a trust with its principal offices in Lompoc, CA, within the judicial
21   district of this Court. As used herein, the word "Plaintiff," alone, shall refer to FHPP. If
22   "Plaintiff" is used with the acts of Russell V. Lugli as trustee of FHPP, "LUGLI," it shall be
23   both plaintiffs.

24      1.9. Attached hereto as Exhibit C, which is incorporated herein by this reference,
25   is a true copy of the demand CONVERTIBLE PROMISSORY NOTE dated March 28, 2008,
26   evidencing a loan in the amount of $300,000.00, bearing interest at the rate of 18% per
27   annum. As used in this complaint, the word "NOTE" shall refer to the said Convertible

28

Complaint for Illegal Sale of Securities, Financial Elder Abuse, Fraud
ERISA Violations, Investment Adviser's Act and Breach of Contract

sometime around the first of January 2008, and advised LUGLI that FEINGOLD had worked with RS on several investment opportunities for a substantial period of time; that RS was a business consultant familiar with the needs of profit sharing plans to make prudent, safe investments; that RS was honest and dependable and could be relied upon to make truthful representations; a Christian; and, that RS had communicated with FEINGOLD about two investment opportunities suitable for FHPP, Banneker and ROCKBANDS.

1.16.  During January 2008, RS and FEINGOLD communicated with LUGLI by telephone, e-mail and personal visits to California, starting on or about February 26 or 27, 2008, to induce LUGLI to invest $500,000.00 in a business to be set up by Banneker using a public, shell corporation to take public but that transaction failed in early March 2008 and the moneys that LUGLI had wired to the attorney for RS, William Aul in San Diego, were returned by attorney Aul to LUGLI.

1.17.  Shortly after the Banneker deal failed, RS called LUGLI and ask to meet with LUGLI regarding a $300,000.00 loan or investment in ROCKBANDS.  Between the date of that meeting and March 29, 2008, LUGLI, FEINGOLD and RS conferred several more times by telephone and e-mail.  RS caused DOE ATTORNEYS I-V to prepare the NOTE and obtained the signature of DAHLBERG on it and returned the original to plaintiff on March 29, 2008, by Federal Express Delivery.

1.18.  Plaintiff funded the NOTE on March 31, 2008, by wire transfer in the amount of $300,000.00 from its bank in Lompoc, CA to Bank of America, Hallandale Beach, Florida.

1.19.  At the time of agreeing to the terms of the NOTE and funding of the NOTE, plaintiff intended only to loan money which was represented, as more fully alleged below, would be repaid on demand or within a short period of time and had no intention to be involved in any penny stock OTC transaction as the conversion feature of the NOTE and BUY OUT AGREEMENT envisioned.  Those, as alleged below, were solely for purposes

Complaint for Illegal Sale of Securities, Financial Elder Abuse, Fraud
ERISA Violations, Investment Adviser's Act and Breach of Contract

1       2.4. At all times relevant to this action, ROCKBANDS, INC., unknown to plaintiff,

2   has offered its stock over the "Pink Sheets" or "Pink Quote," a largely unregulated,

3   unregistered over-the-counter ("OTC") electronic market and RS has always known that

4   fact.

5       2.4. At the time of issuance of the SECURITY, RS was a an "underwriter" and an

6   "affiliated person" with ROCKBANDS, INC. and had a duty to make full disclosure to

7   Plaintiff, prior to the sale and issuance of the SECURITY that:

8             A. the transaction involved an unregistered and unregulated security.

9             B. ROCKBANDS, INC., under the SCHEME, would be the issuer of the

10        SECURITY.

11            C. RS was an affiliated person with ROCKBANDS, INC.

12            D. RS was an underwriter of the SECURITY.

13            E. RS and ROCKBANDS, INC. had duty under Rule 15c2-11 of the 1934

14        Securities Exchange Act ("'34 Act") to make certain disclosures to plaintiff prior to

15        the issuance of the SECURITY.

16            F. any securities issued by ROCKBANDS, INC. upon exercise of the

17        conversion feature of the NOTE would be restricted securities and subject to the

18        provisions of Rule 144 promulgated under the '34 Act.

19            G. other than the OTC, Pink Quote market, no other market for the

20        SECURITY readily existed at the time of issuance of the SECURITY.

21      2.5. At the time of the issuance of the SECURITY to plaintiff, both ROCKBANDS

22  and ROCKBANDS, INC. knew that RS would make the offer to sell and issue the

23  SECURITY to Plaintiff under the terms contained in Exhibits C, D and E, hereto.

24      2.5. Plaintiffs are further informed and believe and thereupon allege that DOE

25  ATTORNEYS I-V, FEINGOLD and the JOHN DOE Defendants knew of and participated

26  in the SCHEME to issue and sell the SECURITY to plaintiff.

27      2.6. At all times relevant to the facts and causes of action alleged herein, plaintiff

28

Complaint for Illegal Sale of Securities, Financial Elder Abuse, Fraud
ERISA Violations, Investment Adviser's Act and Breach of Contract

1 | e-mail and U. S. Mails.

2 | 2.10. Defendants concealed from LUGLI the following material facts:

3 | A. Crestmark Bank had not committed to make a loan to ROCKBANDS or
4 | ROCKBANDS, INC. at any time relevant to the subject matter of this complaint.

5 | B. ROCKBANDS, INC. was never registered with any national OTC
6 | exchange or market.

7 | C. As of the date of the issuance of the SECURITY, ROCKBANDS, INC. had
8 | been suspended by the Delaware Secretary of State.

9 | D. Plaintiff is informed and believes on the basis of an accountant's report
10 | for the period ended June 30, 2009, discovered by plaintiff prior to the filing of this
11 | action, that ROCKBANDS, INC. was revived with the Delaware Secretary of State
12 | shortly after issuance of the SECURITY.

13 | E. Plaintiff is also informed and believes on the basis of an accountant's
14 | report for the period ended June 30, 2009, discovered by plaintiff prior to the filing
15 | of this action, that after its revival, ROCKBANDS, INC. merged, in some fashion
16 | with DTI, Incorporated, a Delaware corporation, and in the process of that merger
17 | assumed a debt of DTI ("DTI Debt") that gave rise to the interest expense recited
18 | in the next paragraph of this Section 2.10.

19 | F. For the six months ending June 30, 2008, ROCKBANDS, INC. had an
20 | operating loss of $640,948.20, including interest expense of $600,111.98. Plaintiff
21 | does not have the data for the three months ending March 31, 2008, but no
22 | disclosure of the income and debt ratios of ROCKBANDS, INC. were made by any
23 | defendant.

24 | G. For the period ending December 31, 2007, ROCKBANDS had a net
25 | operating loss of approximately $45,000.00 and for the period ending March 31,
26 | 2008, it had a net operating loss of $50,402.46.

27 | H. ROCKBANDS and/or ROCKBANDS, INC., or both, had agreed through

28 |

Complaint for Illegal Sale of Securities, Financial Elder Abuse, Fraud
ERISA Violations, Investment Adviser's Act and Breach of Contract

1    principal; together with interest at the rate of 18% per annum on the unpaid principal

2    balance through February 28, 2010, in the amount of $108,000.00; daily interest

3    accruals thereafter until date of entry of judgment at the rate of $147.95; attorneys

4    fees and costs according to proof; and, punitive damages as permitted by

5    applicable law.

6        B.   From all defendants, jointly and severally, the principal sum of

7    $360,000.00 as the purchase price specified in the BUY OUT AGREEMENT plus

8    an incremental increase thereon in the amount of 3% of the principal amount or

9    $10,800.00 per month for the 20 months since July 1, 2008, or $216,000.00 through

10   February 28, 2010, plus the additional sum accruing monthly of $10,800.00 accruing

11   from March 1, 2010, to date of entry of judgment; attorney's fees and costs; and,

12   punitive damages as permitted by applicable law.

13                          **CAUSE OF ACTION FOR**

14                          **FINANCIAL ELDER ABUSE**

15       3.1.  Plaintiff incorporates by reference herein, all of the allegations stated in

16   paragraph 1.1 though 2.14, above.

17       3.2.  LUGLI is an "elder" as defined in Cal. Welfare & Institutions Code ("WIC"), §

18   15160.27.   All times relevant to the allegations of this complaint related to the

19   ROCKBANDS SECURITY, LUGLI was 69 years of age.

20       3.3.  LUGLI was injured in a motor home accident in August 1993 which left him with

21   3rd degree burns over approximately two-thirds of his body, burned off or destroyed several

22   body parts; left him in the hospital for approximately 4 months; in a coma for two months;

23   suffering from post-stress amnesia for approximately 2½ months in intensive burn survivor

24   treatment for over one year and has had continuing surgeries related to the burns for

25   approximately 12 years.

26       3.4.  Since that time, LUGLI has sought-out personal, business relationships with

27   men who he could trust as honest, compassionate not only for his situation but for the

28
     Complaint for Illegal Sale of Securities, Financial Elder Abuse, Fraud
     ERISA Violations, Investment Adviser's Act and Breach of Contract

1  expose him to attack for mismanagement of the trust fund proceeds, and assure that the
2  trust would earn a good return on its investment.

3       3.11. LUGLI asked RS if Feingold were earning any fees from the ROCKBANDS
4  transactions and RS avoided telling LUGLI and successfully deflected the question without
5  answer. As otherwise pleaded herein, LUGLI has determined in the period of not more
6  than 30 days prior to the filing of this complaint that FEINGOLD was paid an undisclosed
7  fee of $50,000.00 from ROCKBANDS.

8       3.12. The SECURITY device that RS, DOE ATTORNEYS I-V and JOHN DOE A-G,
9  or any of them, devised, prepared and presented to LUGLI for signature as trustee of
10 FHPP with the intent to obtain a $300,000 illegal loan for wrongful use or the intent to
11 defraud plaintiff, or both, as herein otherwise alleged; intended to obtain the $300,000.00
12 by embezzlement as defined Cal. Penal Code § 484c; intended and did wrongfully obtain
13 by tick and deceit $300,000.00 from LUGLI and FHPP.

14      3.13. As the direct and proximate result of the actions of FEINGOLD, RS, DOE
15 ATTORNEYS I-V and JOHN DOE A-G in obtaining the loan from plaintiff as alleged, LUGLI
16 and FHPP have been damaged as alleged.

17      3.14. Further, if the Court finds Elder Abuse to have occurred, plaintiff prays the
18 Court refer the defendants who committed such Elder Abuse to the District Attorney of the
19 County of Santa Barbara for criminal charges and prosecution, as provided by law.

20                        **CAUSE OF ACTION FOR FRAUD**

21                             **ALL DEFENDANTS**

22      4.1.  Plaintiff incorporates by reference herein, all of the allegations stated in
23 paragraph 1.1 though 3.14, above.

24      4.2  The representations made and concealments of defendants, and each of them,
25 were made or concealed intentionally with the intent to induce plaintiff to purchase the
26 SECURITY or make the loan represented by the NOTE.

27      4.3  The intentional misrepresentations alleged in ¶ 2.7 were false. The true facts

28
Complaint for Illegal Sale of Securities, Financial Elder Abuse, Fraud
ERISA Violations, Investment Adviser's Act and Breach of Contract

1    4.6. As the direct and proximate result of the frauds practiced on plaintiff by
2  defendants, and each of them, plaintiff has been damaged as alleged.

3    4.7. Plaintiff is entitled to recover punitive damages on account of the malice
4  practiced on plaintiff by defendants, or any them.

5                    **CAUSE OF ACTION FOR ERISA VIOLATIONS**

6                    **FEINGOLD, RS and ROCKBANDS, INC.**

7    5.1. Plaintiff incorporates by this reference all of the allegations contained in
8  paragraphs 1.1 through 2.14, excluding the punitive damages allegations.

9    5.2. The following special definitions apply to the allegations in this cause of action
10  as they relate to the Employee Retirement Income Security Action of 1974 ("ERISA"):

11       A. "Employee pension benefit plan" and "pension plan," as defined in 29
12       U.S.C. § 1002(2)(A), shall mean the investment of plaintiff in the amount of
13       $300,000.00

14       B. "Participant," as defined in 29 U.S.C. § 1002(7) shall mean plaintiffs and
15       the beneficiaries of FHPP.

16       C. "Party in interest," as defined in 29 U.S.C. § § 1002(14)(A) and (B) shall
17       mean FEINGOLD, RS and ROCKBANDS, INC.

18       D. "Fiduciary," as defined in 29 U.S.C. § 1002(21)(A)(i)(ii) and (iii), means
19       the members of FEINGOLD, RS and ROCKBANDS, INC.

20       E. "Accrued benefit," as defined in 29 U.S.C. § 1002(24), as to plaintiff
21       means the amount of its investments as alleged.

22       F. "Investment manager" means "any fiduciary who has the power to
23       manage, acquire or dispose of any asset of the plan" [29 U.S.C. § 1002(38)(A)] and
24       in this case means FEINGOLD, RS and ROCKBANDS, INC.

25       G. "Control group"means the same as stated in 29 U.S.C. § 1002(40)(B)(2)
26       and in this case means the named defendants.

27    5.3. Prior to accepting any investment from LUGLI as the Trustee of FHPP,

28
Complaint for Illegal Sale of Securities, Financial Elder Abuse, Fraud
ERISA Violations, Investment Adviser's Act and Breach of Contract

1      by the NOTE, thereby rendering the debt obligation unenforceable, and the profit
2      sharing plan and its beneficiaries would be deprived of the benefit of their
3      investment.

4      5.4. None of the defendants prepared any reports required by the Secretary of
5 Labor for the pension plan, FHPP, to which they acted advisers related to the investment.

6      5.5. FEINGOLD, RS and DOE ATTORNEYS I-V acted in a fiduciary capacity to
7 plaintiff and in that capacity were required to make full disclosure prior to date of the
8 investment and to assure that ROCKBANDS and/or ROCKBANDS, INC. used the
9 investment proceeds in such as way as to guarantee or minimize the potential for risk for
10 plaintiff.

11      5.6. Prior to accepting the FHPP Investment, defendants actively concealed the
12 matters alleged in paragraph 2.10, above.

13      5.7. The concealments alleged in the preceding paragraph were done knowingly
14 and willfully with the intent to induce LUGLI to make the FHPP Investment.

15      5.8. Had LUGLI known of the concealments alleged, he would have refused to
16 make the FHPP Investment herein alleged.

17      5.9. None of the defendants had any grounds for believing that the failure to make
18 full disclosure of the factual matters alleged were not material to LUGLI.

19      5.10. None of the defendants had any basis for believing that the concealments
20 alleged were not false and misleading.

21      5.11. The defendants acting as "parties in interest," "fiduciaries" or "investment
22 advisers" under ERISA knowingly violated ERISA under 29 U.S.C. § 1105(a) (1)(2) and(3)
23 by knowingly failing to make full disclosure of material facts, as alleged, by concealing
24 them, and by failing to take any action correct their misfeasance.

25      5.12. The defendants acting in the same fiduciary capacity under ERISA, have
26 willingly and knowingly failed: (a) to provide any accounting to plaintiff; (b) and, have failed
27 to provide the reports to the plan participants and the Secretary of Labor as required by

28

Complaint for Illegal Sale of Securities, Financial Elder Abuse, Fraud
ERISA Violations, Investment Adviser's Act and Breach of Contract

Page 17 of 23

1  use and benefit and received significant other benefits from the transaction, without full

2  disclosure, in violation of in violation of 15 U.S.C. § 80b-3(c)(1).

3      6.7.  LUGLI is entitled to a private right of action under Section 206 of the Act.

4      6.8.  Had FEINGOLD and RS made full disclosure of the misrepresentations and

5  concealments, LUGLI would not have caused FHPP Investment with ROCKBANDS, INC.

6      6.9.  As alleged, plaintiff was ignorant of the true facts and relied upon and had a

7  right to rely upon full disclosure of the true facts by FEINGOLD and RS, written and oral,

8  before making the investment decision.

9      6.10.  As the direct legal result of the breach of the Act, LUGLI has been damaged

10  as alleged.

11                  **CAUSE OF ACTION FOR BREACH OF CONTRACT**

12             **RS, IR PR ROCKBANDS AND ROCKBANDS, INC.**

13      7.1. Plaintiff incorporates by this reference all of the allegations stated in paragraphs

14  1-2.14, except the allegation of punitive damages.

15      7.2.  ROCKBANDS and/or ROCKBANDS, INC. has breached the duty to repay all

16  sums due under the NOTE on demand by refusing to make payment to plaintiff as provided

17  in the NOTE.

18      7.3  RS and/or IR PR has/have breached the duty to purchase the NOTE by failing

19  to pay to plaintiff the sums due as provided in the BUY OUT AGREEMENT.

20      7.4    Plaintiff has made demand for payment and/or performance of all such

21  defendants.

22      7.5.    Plaintiff has fully performed all duties required of it under the terms of the

23  SECURITY.

24      7.6.  Plaintiff has not excused payment or performance of the SECURITY.

25      7.7.  Plaintiff has not forgiven any obligation owed to Plaintiff under the SECURITY.

26  ////

27  ////

28  Complaint for Illegal Sale of Securities, Financial Elder Abuse, Fraud
ERISA Violations, Investment Adviser's Act and Breach of Contract

1   an incremental increase thereon in the amount of 3% of the principal amount or

2   $10,800.00 per month for the 20 months since July 1, 2008, or $216,000.00 through

3   February 28, 2010, plus the additional sum accruing monthly of $10,800.00 accruing from

4   March 1, 2010, to date of entry of judgment; attorney's fees and costs; and, punitive

5   damages as permitted by applicable law, against the defendants, jointly and severally.

6           ON THE ERISA VIOLATIONS CAUSE OF ACTION, the sum of $300,000.00

7   principal; together with interest at the rate of 18% per annum on the unpaid principal

8   balance through February 28, 2010, in the amount of $108,000.00; daily interest accruals

9   thereafter until date of entry of judgment at the rate of $147.95; attorneys fees and costs

10   according to proof; and, TREBLE damages as permitted by applicable law; or, alternatively,

11   the principal sum of $360,000.00 as the purchase price specified in the BUY OUT

12   AGREEMENT plus an incremental increase thereon in the amount of 3% of the principal

13   amount or $10,800.00 per month for the 20 months since July 1, 2008, or $216,000.00

14   through February 28, 2010, plus the additional sum accruing monthly of $10,800.00

15   accruing from March 1, 2010, to date of entry of judgment; attorney's fees and costs; and,

16   TREBLE damages as permitted by applicable law, plus civil penalties as permitted under

17   the Act, all against the defendants, and each of them.

18           ON THE VIOLATION OF THE INVESTMENT ADVISER'S ACT CAUSE OF

19   ACTION, the sum of $300,000.00 principal; together with interest at the rate of 18% per

20   annum on the unpaid principal balance through February 28, 2010, in the amount of

21   $108,000.00; daily interest accruals thereafter until date of entry of judgment at the rate of

22   $147.95; attorneys fees and costs according to proof; and, punitive damages as permitted

23   by applicable law; or, alternatively, the principal sum of $360,000.00 as the purchase price

24   specified in the BUY OUT AGREEMENT plus an incremental increase thereon in the

25   amount of 3% of the principal amount or $10,800.00 per month for the 20 months since

26   July 1, 2008, or $216,000.00 through February 28, 2010, plus the additional sum accruing

27   monthly of $10,800.00 accruing from March 1, 2010, to date of entry of judgment;

28

Complaint for Illegal Sale of Securities, Financial Elder Abuse, Fraud
ERISA Violations, Investment Adviser's Act and Breach of Contract

1 **VERIFICATION**

2 **RUSSELL V. LUGLI DECLARES:**

3 1. I am the Trustee of Feature Homes Profit Sharing Plan, a trust, which has its

4 principal place of business in Lompoc, CA.

5 2. I have read the foregoing pleading and hereby aver that the same is true of my

6 own knowledge, except as to the matters which are therein stated on information or belief,

7 and as to those matters I believes it to be true.

8 I declare under penalty of perjury under the laws of the laws of the State of

9 California that the foregoing is true an correct.

10 Executed this $\overline{22}^{cd}$ day of February, 2010, at Solvang, CA.

11

12 Russell V. Lugli

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
Complaint for Illegal Sale of Securities, Financial Elder Abuse, Fraud
ERISA Violations, Investment Adviser's Act and Breach of Contract

Home    Store    Products    Gallery    Where to Buy    About Us

Home

Search...

**Products**

**All Products**

Large

Small

Roadies

Groupies

Wallets & Chains

Hearts

Cart (0 items)    Login    Font Style    Text Size

Home >> Store >> All Products

## All Products

This is the Rockbands store showing all the products offered on Rock Band Fashion, LLC website.

≡

### Wallet Black Croco

| Wallet: | Croco Style |
| --- | --- |
| Wallet Color: | Black |
| Chain: | Black Obsidian Stone |
| SKU: | W-CBC-14 |

### Wallet Brown Vintage

| Wallet: | Vintage Leather |
| --- | --- |
| Wallet Color: | Brown |
| Chain: | Howlite Stone |
| SKU: | W-VBD-35 |

### Wallet Black Vintage

| Wallet: | Vintage Leather |
| --- | --- |
| Wallet Color: | Black |
| Chain: | Hematite Stone |
| SKU: | W-VBL-25 |

### Necklaces with Tags & Picks



| Necklace: | 3 types |
| --- | --- |
| Dog Tags: | 2 Tags |
| Picks: | 7 Picks |
| SKU: | Groupies |

### Large Brown Croco Style with Red Iron Jasper Stone



| Size: | Large |
| --- | --- |
| Band: | Croco Style |
| Band Color: | Brown |
| Stone: | Red Iron Jasper |
| Stone Shape: | Circle |
| SKU | L-CBC-C-31 |

### Large Brown Croco Style with Writing Jasper Stone

| Size: | Large |
| --- | --- |
| Band: | Croco Style |
| Band Color: | Brown |
| Stone: | Writing Jasper |
| Stone Shape: | Rectangle |
| SKU | L-CBC-R-13 |

### Large Brown Croco Style with Mahogany Obsidian Stone



| Size: | Large |
| --- | --- |
| Band: | Croco Style |
| Band Color: | Brown |
| Stone: | Mahogany Obsidian |

### Large Brown Croco Style with Painting Jasper Stone

| Size: | Large |
| --- | --- |
| Band: | Croco Style |
| Band Color: | Brown |
| Stone: | Painting Jasper |

# EXHIBIT B



| Band: | Calf (fur) |
|---|---|
| Band Color: | Black |
| Stone: | Opalite |
| Stone Shape: | Square |
| SKU | L-CBL-S-21 |



| Band: | Calf (fur) |
|---|---|
| Band Color: | Black |
| Stone: | Plum Jasper |
| Stone Shape: | Square |
| SKU | L-CBL-S-26 |

Large Black Calf (fur) with China Brecciated Jasper Stone

Large Black Calf (fur) with Rhondonite Stone



| Size: | Large |
|---|---|
| Band: | Calf (fur) |
| Band Color: | Black |
| Stone: | China Brecciated Jasper |
| Stone Shape: | Square |
| SKU | L-CBL-S-27 |



| Size: | Large |
|---|---|
| Band: | Calf (fur) |
| Band Color: | Black |
| Stone: | Rhondonite |
| Stone Shape: | Square |
| SKU | L-CBL-S-28 |

Display #   20 ▾   Results 1 - 20 of 93

«« Start « Prev 1 2 3 4 5 Next » End »»

Top

www.LeatherRockBands.com
©2009 Rock Band Fashion, LLC

Privacy Statement | Terms of Use
email:contact@leatherrockbands.com

© Copyright 2009, All Rights Reserved

(c) the Maker, or any of them, shall (I) admit in writing its inability to pay its debts as they mature; or (II) make a general assignment for the benefit of creditors; or (III) be adjudicated a bankrupt or insolvent; or (IV) file a voluntary petition in bankruptcy or insolvency law or statute of the United States of America or any state or subdivision thereof now or hereinafter in effect; or (V) have a receiver or other person appointed by any court to take charge of its affairs and such appointment is not vacated, stayed or discharged within sixty (60) days thereafter; or

After maturity (whether by acceleration or otherwise) this Note shall bear interest at the maximum rate allowed by law.

This Note, and the rights associated herewith, may be transferred or assigned by the Payee by delivery of written notice thereof to Maker. The Maker shall reissue this Note as and when requested by the Payee at any time prior to its maturity in accordance with those instructions.

The Maker may prepay all or any part of this Note without penalty. This Note may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

No failure or delay on the part of the holder of this Note in exercising any right, power or privilege hereunder shall operate as a waiver thereof; nor shall a single or partial exercise of any other right, power or privilege operate as a waiver.

The Maker hereby authorizes the Payee of this Note to enter an appearance in its behalf and as its attorney to confess judgment against it after default, in any court of record for any amount due on this Note. If required under the law, Maker also agrees to execute and deliver to Payee a separate Warrant of Attorney to Confess Judgment or Affidavit of Confession of Judgment upon Payee's request.

This Note has been executed and delivered in the State of Florida and shall be construed in accordance with the laws of such State.

MAKER:
Rockbands, LLC

By:
Lee Dahlberg
Manager

WITNESS

2

IN WITNESS WHEREOF, the undersigned have set their hands and seals this _7_ day of _June_ , 2008.

Witness Name:

By: Russell V. Lugli, Principal
Feature Homes Profit Sharing Plan

Witness Name:

THE ABOVE NAMED COMPANY assents to the foregoing and agrees in all respects to be bound thereby and to keep, observe and perform the several matters and things therein intended of it to be done, and particularly agrees not to make any payment contrary to the foregoing.

ROCKBANDS, INC.

Name: Lee Dahlberg
Title: President

Rusty Lugli                                          July 1, 2008
Feature Homes Profit Sharing Plan
6495 Santa Rosa Road
Lompoc, CA 93436
Office: 805- 740-4911

Rusty:

Regarding the Rockbands Loan for Three Hundred Thousand
Dollars, for each month past June 2008 that FHPSP is not taken out,
an additional Three (3%) percent will be added to the amount due.

IR PR Company Report

**Exhibit    F**

# EXHIBIT 2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Lee A. Dahlberg, et al, See Attachment A on Reverse Side

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Russell V. Lugli, Trustee of the Feature Homes Profit Sharing Plan, a
trust and Russell V. Lugli, individually.

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

3/1

YOLANDA ROBAINA
3/5
8:50 A.M.
Lori Komimas K

**FILED**
SUPERIOR COURT of CALIFORNIA
COUNTY OF SANTA BARBARA

FEB 2 3 2010

GARY M. BLAIR, Executive Officer
BY A. Wnd
A. WORDLEY, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número de Caso):* | 1319472 |
|---|---|---|

Superior Court of California, County of Santa Barbara, Cook Division
312 East Cook Street, Ste. C, Santa Maria, CA 93456

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
C. Blaine Morley, CSBA #37614, 3105 SW Cascade Drive, Portland, OR 97205. 503-228-7300

| DATE February 22, 2010  FEB 2 3 2010 *(Fecha)* | Clerk, by *(Secretario)* | A. WORDLEY | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3 ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

ORIGINALS TO ATTORNEY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Russel V. Lugli, Trustee of Feature HOmes Profit Sharing Plan, a trust, and
Russel V. Lugli, individually.

**DEFENDANTS**
Lee A. Dahlberg, Rockbands, LLC, Rockbands, Inc., a Delaware corporation, RS
Schmitt,RS Schmitt Companies, Inc., Harry Feingold, IR PR Company Report,an
unknown entity form, Doe Attorneys I-V, inclusive,& John Doe Defendants A-G

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

C. Blaine Morley [37614]
3105 SW Cascade Drive    Portland, Oregon  97205
503-2287300

Attorneys (If Known)

Robert A. Ball [70061] / Stephen P. Croce [76156]
225 Broadway, Suite 2220
San Diego, California    92101
619.234.3913

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☑ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $ 300,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
State Court action removed by Defendants. ERISA and SEC 1934 claims of Federal Question, and Diversity.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☑ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number: _CV 10 - 2350_

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

                                ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara, CA. | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida, Florida, Delaware, New York, United Kingdom |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____          Date  31 March 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV10- 2350 ODW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY